**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TIMEPAYMENT CORP.

    Plaintiff,

    V.

LITTLE STAR CENTER, INC.

    Defendant.
_____/

CASE NO.

## COMPLAINT

Plaintiff, TIMEPAYMENT CORP. ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, LITTLE STAR CENTER, INC. ("Defendant"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a corporation existing under the laws of the state of Delaware with an office and place of business located at 200 Summit Drive, Suite 100, Burlington, Massachusetts 01803.

2. Defendant is a corporation existing under the laws of the state of Indiana with an office and place of business located at 550 Congressional Boulevard, Suite 220, Carmel, Indiana 46032.

3. Jurisdiction is proper in this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332 as all parties are citizens of different States and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to Plaintiff's claims herein occurred in this judicial district.

## COUNT I – BREACH OF CONTRACT

5. Plaintiff incorporates its preceding averments as though fully set forth herein.

6. On or about May 24, 2023, Defendant entered into the terms of a service initiation setup and software use agreement with BrightKyte, LLC which, *inter alia*, permitted Defendant access to and use of certain software programs for use in the Defendant's business operations (the "Contract"). A true and accurate copy of the Contract is attached hereto as Exhibit A.

7. Pursuant to the terms of the Contract, Defendant was obligated to tender thirty-six (36) monthly installment payments to BrightKyte, LLC in the amount of Thirty-four Thousand One Hundred Twenty-one Dollars and Seventy-one Cents ($34,121.71) plus tax per month.

8. The Contract further provides that, in the event any payment required thereunder is not tendered when due, Defendant is obligated to tender a late fee of five percent (5%) of the amount of any such payment. *See Exhibit A, p. 1, § 2.1*.

9. Subsequent to the execution of the Contract, BrightKyte, LLC assigned all of its interest within and to the Contract to Plaintiff pursuant to the terms of a master purchase agreement executed on February 24, 2023 (the "Agreement").

10. Plaintiff tendered valuable consideration to BrightKyte, LLC in exchange for the assignment of its rights pursuant to the Contract.

11. The Contract contains an assignability clause which explicitly states, in relevant part, "BrightKyte may at any time and without notice to Customer assign all or part of any interest in this Agreement and resulting Payments. In such an event, all of BrightKyte's rights, powers, and privileges contained herein so assigned shall inure to the benefit of and may be exercised by or on behalf of such assignee ("Assignee"), but the Assignee shall not be liable for or be required to perform any of BrightKyte's obligations to Customer. The right of the Assignee to the assigned

Payments and the right to exercise any and all of BrightKyte's rights hereunder shall not be subject to any defense, counterclaim, or set-off which the Customer may have or assert against the BrightKyte, and the Customer hereby agrees that it will no assert any such defenses, set-offs, counterclaims, and claims against the Assignee." *See Exhibit A, p. 2, § 3*.

12. Subsequent to the assignment of the Contract to Plaintiff, Plaintiff undertook verification from Defendant that it had access to and use of the software referenced within the Contract by and through a representative of Defendant.

13. The Contract was entered into for commercial purposes and does not relate to any personal, family or household obligations of the Defendant.

14. Plaintiff is the lawful owner and holder of the Contract with rights to exercise enforcement of the terms imposed therein upon the Defendant.

15. Notwithstanding the obligations imposed on Defendant by the Contract, Defendant has breached the payment requirements stated therein by failing to tender the monthly installment payments to Plaintiff in accordance with billing statements transmitted to Defendant. Plaintiff's business records provide that Defendant paid a total of three (3) monthly installment payments, with the last monthly installment payment having been received on or about August 10, 2023. Thereafter having received no further monthly installment payments, Plaintiff exercised its rights under the Contract to declare all amounts due plus the remaining thirty-three (33) monthly installment payments of $34,121.71 plus tax ($2,388.52).

16. Defendant's actions in failing to tender the monthly installment payments required by the Contract is a material breach of the terms stated therein.

17. The Contract specifies that, in the event of default, Plaintiff has the right to charge interest on all amounts due thereunder at the rate of either eighteen percent (18%) per annum or

the highest amount of interest permitted in a commercial transaction pursuant to applicable law.

18. Plaintiff has been damaged by Defendant's actions as a result of its breach of the terms of the Contract.

WHEREFORE, the Plaintiff, TimePayment Corp., respectfully requests that this Court enter judgment in its favor and against Defendant, Little Star Center, Inc. as follows:

1. Monetary damages in the amount of $1,204,837.59;
2. Interest on all amounts due pursuant to the Contract;
3. Late fees in accordance with the Contract in the amount of $56,300.82;
4. Attorneys' fees and costs of collection as stated in the Contract; and
5. Such other and further relief as the Court may deem equitable and necessary.

Dated: March 15, 2024                                   Respectfully submitted,

*/s/ Brittney B. Rykovich*
Brittney B. Rykovich (#34843-49)
Alyson Fosnot (#35270-29)
Gordon Rees Scully Mansukhani, LLP
600 E. 96th Street, Suite 501
Indianapolis, IN 46240
T: (317) 713-0902
brykovich@grsm.com
afosnot@grsm.com
*Counsel for Plaintiff TimePayment Corp.*