UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMEPAYMENT CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00483-JPH-TAB |
| | ) | |
| LITTLE STAR CENTER, INC., | ) | |
| BRIGHTKYTE LLC, | ) | |
| BRIAN ELLIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LITTLE STAR CENTER, INC., | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMEPAYMENT CORP., | ) | |
| | ) | |
| Counter Defendants. | ) | |
| | ) | |
| LITTLE STAR CENTER, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIGHTKYTE LLC, | ) | |
| BRIAN ELLIS, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

1

**ORDER**

Plaintiff TimePayment Corporation filed a First Amended Complaint alleging that the Court has diversity jurisdiction over this matter. Dkt. 48. Since this case's outset, two new parties—BrightKyte LLC and Brian Ellis—have been added to the case. However, Plaintiff does not sufficiently plead the citizenship of BrightKyte LLC or Brian Ellis. Plaintiff also does not explain whether BrightKyte's administrative dissolution affects its citizenship for the purposes of determining diversity jurisdiction.

For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, the citizenship of an individual is not based on where the individual resides, but on where the individual is a citizen. *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). And "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.

Here, Plaintiff's First Amended Complaint only states where Brian Ellis resides—not where he is a citizen. And Plaintiff only states where BrightKyte is registered and where its principal place of business is—not the underlying

2

citizenship of each BrightKyte member.  Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021).  The Court's obligation includes knowing the details of the underlying jurisdictional allegations.  *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS** Plaintiff to file a jurisdictional statement by **October 11, 2024**, addressing the issues identified in this order.

**SO ORDERED.**

Date: 9/16/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel